64 F.3d 678
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Leonard T. GRIFFIN, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3341.
 United States Court of Appeals, Federal Circuit.
 Aug. 18, 1995.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and MAYER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Leonard T. Griffin asks this court to reinstate his appeal, Docket No. SF0432950098-I-1, which the Merit Systems Protection Board (Board) dismissed as untimely filed. Because Mr. Griffin's appeal was filed over seven weeks' late, and because he has not shown that he exercised the diligence of a reasonably prudent person in meeting the deadline, the decision of the Board is affirmed.
 
 OPINION
 
 2
 Mr. Griffin worked as a Cook Supervisor for the Federal Bureau of Prisons. That agency removed him from his job effective August 9, 1994.[1] The Notice of Decision apprised Mr. Griffin that he must appeal within thirty days and informed him of the address to which he should mail his appeal. Mr. Griffin acknowledged with his signature that he received the Notice of Decision on August 9, 1994. The deadline for filing an appeal was therefore September 8, 1994, i.e., thirty days after the Notice of Decision. 5 C.F.R. Sec. 1201.22(b) (1995).
 
 
 3
 Mr. Griffin filed his appeal on October 30, 1994, more than seven weeks after the time for filing an appeal had expired. The administrative judge issued an acknowledgment order, noting that the appeal appeared to be untimely and directing Mr. Griffin to show either that his appeal was timely filed or that good cause existed for the delay. After Mr. Griffin failed to respond, the administrative judge dismissed the appeal as untimely. Mr. Griffin then sought review before the full Board, which the Board denied on March 1, 1995. This petition followed.
 
 
 4
 The decision as to whether to waive the regulatory time limit for an appeal is committed to the Board's discretion. Walls v. Merit Sys. Protection Bd., 29 F.3d 1578, 1581 (Fed.Cir.1994). We may reverse the Board's decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. Sec. 7703(c) (1988); Walls, 29 F.3d at 1581. The Board considers many factors in determining whether good cause has been shown, and will generally credit a reasonable excuse in order to reach a decision on the merits of the case. See Walls, 29 F.3d at 1582.
 
 
 5
 Mr. Griffin, however, has offered no credible excuse for his delay in filing. He did not respond to the administrative judge's show cause order. He did allege that the agency failed to inform him of his appeal rights, but his signature on the Notice of Decision belies that assertion. The board appropriately applied the law to the facts of record, and we find no reason to reverse its decision.
 
 
 
 [1]
 The agency maintains Mr. Griffin's unacceptable performance evaluation led to his removal. Mr. Griffin charges the agency with discrimination. Apparently, he reached this conclusion because his supervisor said the removal decision was not personal, but merely part of an effort to "clean up" the kitchen. Even if this ambiguous remark could be construed to exhibit racial prejudice, however, the propriety of the dismissal as such is not before this court. We consider only whether the Board improperly dismissed Mr. Griffin's appeal as untimely filed